## JACOB STANWOOD *vs.* HENRY W. OWEN.

If the final return of the commissioners appointed to receive and examine claims against the insolvent estate of a deceased person had been made, and eighteen months from their appointment had expired, before the enactment of Gen. Sts. *c.* 99, § 18, the distribution of the assets should not be made in the manner therein provided, but should be made in the manner provided in the previous statutes.

APPEAL from the decree of the judge of probate, ordering that the insolvent estate of William O. Moody, deceased, who at the time of his death was a member of the firm of Harrod & Moody, should be distributed amongst all the creditors who had proved their claims before the commissioners appointed to receive and examine claims against his estate, *pro rata*, without reference to the question whether the claims were against the joint or separate estate. At the hearing in this court, the case was reserved by *Chapman, J.* for the determination of the whole court, upon facts which are stated in the opinion.

*C. B. Goodrich*, for the plaintiff.

*J. L. English*, for the defendant.

CHAPMAN, J. The court has already decided that the change made in the distribution of the estates of persons deceased intestate, by Gen. Sts. *c.* 99, § 18, is applicable to estates of persons then deceased, but whose estates remained unsettled when the General Statutes took effect; and that there is no constitutional objection to such an application of the statute. *Jewett* v. *Phillips*, *ante*, 150. But the defendant in this case contends that the settlement had proceeded too far to permit the separation of the assets, and the distribution of separate assets to separate creditors, giving them a preference over partnership creditors. It appears that the commissioners had made their final report on the 25th of July 1857, without distinguishing between separate debts and partnership debts. As the law then stood, there was no reason for making such distinction, and their report was not defective.

On the 14th of September 1857 the report of the commissioners was accepted by the judge of probate, except as to the claims

of the plaintiff and two other persons who had appealed from the decision of the commissioners disallowing their claims; and proceedings on the returns were suspended till the determination of the appeals. In April 1860 the appeals were determined adversely to the plaintiffs, and certificates of the judgments were filed in the probate office on the 11th of August 1860. At that time the General Statutes had taken effect, but it was too late to apply the rule prescribed by them to this case. The judge of probate had no means of ascertaining what claims were against the intestate separately, and what were against him as a member of the firm of Harrod & Moody. Such a fact could only be ascertained by the commissioners. As eighteen months from the date of their appointment had long since elapsed, the judge of probate had no authority to recommit the report to them; but it was his duty to order distribution of the assets upon the claims as allowed. The commissioners filed with their return the vouchers upon which they had allowed the claims; and the appellant contends that the judge of probate may now distinguish between private and partnership debts by reference to those vouchers, and by this means distinguish between them in his order of distribution. But these vouchers form no part of the return; and whether a claim is a private or a partnership claim is, in each case, a question of fact, to be determined by the commissioners, and upon which the administrator would have a right to be heard. There being no opportunity for such a hearing, and the settlement of the estate having proceeded so far that the judge of probate is obliged to make the distribution without any means to distinguish between separate and partnership claims, his decree of distribution without making such distinction should be affirmed.